UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23021-KMW

**EVELYN E GUZMAN**,

    Plaintiff

v.

**HOLIDAY CVS LLC**,

    Defendant.

_____/

## PLAINTIFF'S MOTION TO STRIKE THE TESTIMONY OF DEFENDANT'S EXPERT WITNESS, ANGELA LEVITAN, PH.D.

The Plaintiff, Evelyn E Guzman, by and through the undersigned counsel, hereby moves this Court for an order striking the testimony of Defendant's expert witness, Angela Levitan, PhD, and in support thereof, states as follows:

1. On November 8, 2020, Plaintiff tripped on a merchandise pallet on the sales floor of Defendant's store. Plaintiff suffered serious and permanent injuries to her spine and ankle as a result of the fall. Plaintiff's injuries ultimately required surgery.

2. Defendant retained Dr. Angela Levitan (hereinafter "Dr. Levitan") to provide opinions to the jury about whether the subject pallet posed a dangerous condition. The opinions of Dr. Levitan are as follows: (1) The subject pallet was conspicuous and would have been observed if Plaintiff had been reasonably attentive; (2) the subject pallet did not create a dangerous condition; and (3) Plaintiff's actions were a causal factor of the fall.[1]

3. Dr. Levitan did not perform any tests of her own. She relied on the research of

---

[1] Dr. Levitan's opinions can be found on Page Nine (9) of her Report. Attached as *Exhibit A*.

1:21-cv-23021-KMW

others in forming her opinions.

    4.    Dr. Levitan's opinions are speculative, and not based on sufficient reliable facts. Her opinions, and the manner in which she arrived at them, invade the province of the jury. Her testimony does not assist the fact finder understand evidence or determine facts at issue. Dr. Levitan fails to provide an adequate explanation as to how she used the work of others to arrive at her opinions.

## MEMORANDUM OF LAW

The Court serves as gatekeeper with respect to the expert evidence presented at trial. *Booker v. Sumter County Sheriff's Office/North American Risk Services*, 166 So.3d 189 (Fla. 1st DCA 2015). Under the Rules, the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Expert testimony must be "based on sufficient facts or data" and "help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.

Expert testimony is admissible when (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d at 562 (11th Cir. 1998). "The trial court should exercise its discretion so that only expert testimony which will assist the trier of fact is admitted." *Angrand v. Key*, 657 So.2d 1146, 1149 (Fla. 1995). Expert opinions that merely summarize evidence should not be admissible. *Id.*

## I. Dr. Levitan's Opinions Are Speculative And She Invades The Province Of The Jury By Weighing Evidence

Dr. Levitan claims that the subject pallet display was a permanent fixture of the Defendant's store. However, whether the pallet was a permanent fixture is a contested fact at issue in this case. The Plaintiff, who had frequented the subject store before the fall, and CVS employee, Maritza La Antigua, claim that they do not recall ever seeing the subject pallet before the day of the fall. This fact is important for Dr. Levitan because she claims that the Plaintiff should have seen the subject pallet on a previous visit to the store, since it was a permanent fixture.[2]

Additionally, Dr. Levitan incorrectly claims that there is no evidence that there were any visual obstructions within in the aisle.[3] This claim completely ignores the testimony from two CVS employees who claimed that the Plaintiff was pushing a cart every time they saw her in the store on the day of the fall.[4] Dr. Levitan acted as a fact finder and improperly weighed evidence in formulating her opinions. Without having a sufficient basis of facts, the opinions reached by Dr. Levitan are speculative and should thus not be presented to the jury. Furthermore, Dr. Levitan invades the province of the jury by deciding important issues of fact and using these improper factual conclusions to form her opinion.

In this case, Dr. Levitan never physically inspected or visited the store where the events of this case took place. Dr. Levitan does not perform any tests of her own which can be

---

[2] "The display of bottled water, including the use of a pallet as the base, was a permanent part of the store design and would have been present during Ms. Guzman's prior visits to the store. Ms. Guzman testified that she did not recall seeing pallets in the store during her prior visits, but she testified that she had previously seen the back massager and knew where it was located so she would have been in the vicinity of the palletized display on at least one occasion and should have been aware of the display of bottled water at the end cap." Dr. Levitan Report at 7.
[3] "There is no evidence that there were any visual obstructions within the aisle and based on Ms. Guzman's testimony, she was not carrying anything." Dr. Levitan Report at 7.
[4] Transcripts of the deposition testimony of the CVS employees are not available at the time of this motion. The transcripts will be made available by the time of the hearing for the Court's consideration.

1:21-cv-23021-KMW

recreated or peer reviewed. She forms her opinions by using the research and studies of others. However, she cannot explain how she used the work of others to arrive at her own opinions. Dr. Levitan makes conclusory findings that she cannot support. For example, she claims that she established the Plaintiff's field of view in the following conclusory testimony:

> We can establish a field of view. So, the first thing that if we want something to be conspicuous, one of the first things we have to do is establish that that's in the person's field of view. If it's not in their field of view, then they can't see it. It doesn't matter what it looks like if it's not in their field of view. So, once we've established, based on human factors research, that given the parameters of everything that we've been talking about that the pallet would've been in her field of view, then we have to make sure that the characteristics of the pallet, given our situation that we're analyzing, have the – the characteristics to be conspicuous.

Levitan Dep. at 62 lines 16-25; 63 lines 1-3. Attached as Exhibit B.

> I'm using actual quantitative information to calculate the area, the general area of the field of view and making sure that I understand that as Ms. Guzman is standing there, as she's walking, where is her line of sight going to be, what is her cone of vision going to be, what's her field of view going to be, and is that pallet going to be in that field of view. So, it's not just general information. It's actually doing some calculations and understanding that, you know, given these situations, you know, she should have been able to see, including in her periphery, about two feet in front of her and much further on but as close as two feet in front using her peripheral vision.
>
> Q So then you calculated Ms. Guzman's line of sight when reaching this conclusion of yours?
>
> A: Right. So I have -- I have a spreadsheet that's based on that Woodson reference that I -- that I mentioned that's out of the United States military standard to get an idea of what her field of view would be depending on those components.

Levitan Dep. at 65 lines 16-25; 66 lines 1-10.

Dr. Levitan failed to adequately explain how she used the research of others to reach her own conclusions. This is highlighted by the fact that little is known about the movements made by the Plaintiff immediately before the subject fall. The only thing that is known, is that the Plaintiff was in aisle sixteen looking at back massagers. Dr. Levitan does not know whether the Plaintiff walked in the middle of the isle or near the sides of the isle.

There is no evidence to suggest what the Plaintiff's movements were like, or where she was standing at any point while she was walking in the subject aisle. Dr. Levitan claims to have accounted for this lack of evidence but fails to explain how. She cannot provide a clear analysis as to how she reached a reliable conclusion about what the Plaintiff should have seen, when so little is known about the Plaintiff's movements before the fall. This Court should not accept her testimony without an explanation of the basis for her opinion.

**II. Dr. Levitan's Testimony Does Not Assist the Jury In Understanding The Evidence Or Determining Issues Of Fact**

The conclusory opinions made by Dr. Levitan do not assist the jury in any meaningful way. These opinions are a guise to suggest the credibility of evidence and make factual determinations, which invades the province of the jury. It is the jury's job to decide whether the subject display pallet was a dangerous condition and whether the Plaintiff did anything to cause her fall. The jury is charged with examining the credibility of evidence and making factual determinations. Dr. Levitan claims to have performed qualitative calculations in reaching her conclusions but in the same breath claims that these calculations are spreadsheets borrowed from sources outside of herself. She did not analyze and apply human factors research in accord with *Daubert*, when reaching her conclusions. Thus, the Court should not allow her to act as a member of the jury. There is no scientific basis for her opinion in accord with *Daubert*, and her opinion does not provide the jury with anything that they cannot already do.

## CONCLUSION

Dr. Levitan's opinions are unreliable and do not comport with *Daubert* standards. Dr. Levitan's opinions are speculative, and not based on sufficient reliable facts. She makes improper factual determinations when reaching her conclusions. Her opinions, and the manner in which she

arrived at them, invade the province of the jury. She fails to provide an adequate explanation as to how she used the work of others to arrive at her opinions. Her testimony does not help the fact finder understand evidence or determine facts at issue. Thus, Dr. Levitan's testimony should be stricken.

**WHEREFORE**, Plaintiff, Evelyn E Guzman, moves this Court to strike the testimony of Dr. Angela Levitan.

## REQUEST FOR HEARING

The Plaintiff requests an evidentiary hearing to elicit testimony from Dr. Angela Levitan regarding her opinions and the way she formulated them. One hour is the estimated time for the hearing.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

In compliance with Local Rule 7.1(a)(3), the undersigned conferred with Defendant's counsel, on June 10, 2022 in a good faith effort to resolve the issues raised in this Motion. The parties were unable to resolve the issues raised in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on June 10, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

1:21-cv-23021-KMW

        Respectfully submitted,

        /s/ *Carlos Jordi*
        Carlos Jordi, Esquire (118741)
        Rubenstein Law, P.A.
        9130 South Dadeland Blvd., Penthouse
        Miami, FL  33156
        Telephone:    (305) 661-6000
        Facsimile:     (786) 230-2934
        cjordi@rubensteinlaw.com
        Attorney for the Plaintiff