UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23021-CIV-WILLIAMS/MCALILEY

EVELYN E. GUZMAN,

    Plaintiff,

vs.

HOLIDAY CVS, LLC,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT WITNESS, ANGELA LEVITAN, PH.D

Plaintiff Evelyn E. Guzman filed a Motion to Strike Defendant's expert witness, Angela Levitan, Ph.D., which the Honorable Kathleen M. Williams referred to me for resolution. (ECF Nos. 20, 41). The Motion is fully briefed. (ECF No. 28). Having carefully reviewed the parties' memoranda, the pertinent portions of the record and the applicable law, for the reasons explained below the Court denies the Motion.

### I. BACKGROUND

This is a negligence action arising from injuries that Plaintiff sustained when she tripped on a merchandise pallet on the sales floor of Defendant's store. (ECF No. 1-2). Defendant retained Dr. Levitan, a Human Factors engineer, as an expert witness to determine whether the pallet created a dangerous condition, was conspicuous, and should

have been seen by Plaintiff prior to her fall. (ECF No. 28-1 at 2). Dr. Levitan issued a written report and testified at deposition regarding her findings. (ECF Nos. 20-1, 20-2).

As relevant here, Dr. Levitan offered three opinions:

(1) The pallet…would have been conspicuous and should have been observed, perceived, and reacted to by Ms. Guzman had she been reasonably cautious and scanning her environment, including looking down at her feet;

(2) The pallet…did not create a dangerous condition; and

(3) Ms. Guzman's actions, or lack thereof, were a causative factor of the subject fall incident.

(ECF No. 20-1 at 9). Dr. Levitan explained that she reached these conclusions in reliance upon Plaintiff's testimony regarding the incident, various industry publications and journal articles that she identified in her report, and measurements, photographs and videos gathered from a site inspection of the location where Plaintiff fell. (ECF Nos. 20-1 and 20-2, *generally*). Dr. Levitan did not conduct the site inspection herself. (ECF No. 20-1 at 4) Instead, her colleague performed the site inspection at Dr. Levitan's direction while Dr. Levitan was present remotely, via a FaceTime video call. (ECF No. 20-2 at 16:16-18, 17:16-25).

Plaintiff has filed a motion to exclude the opinions of Dr. Levitan, arguing that they are speculative, invade the province of the jury, and fail to assist the trier of fact. (ECF No. 20, *generally*). The basis of these arguments is that Dr. Levitan relied upon contested facts, did not personally inspect the site of Plaintiff's fall, and failed to adequately explain how she used the research of others to arrive at her opinions. (*Id*. at 3-5). Defendant disputes each of Plaintiff's assertions. (ECF No. 28). I address each argument below.

## II. ANALYSIS

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court in *Daubert* instructed district courts to act as a gatekeeper to ensure that an expert's testimony is both reliable and relevant before it can be admitted under Rule 702. *Daubert*, 509 U.S. at 597. Although the *Daubert* Court considered only scientific evidence, the Court extended its ruling to testimony based on technical and other specialized knowledge, in *Kumho Tire Co. Ltd., v. Carmichael*, 526 U.S. 137, 141 (1999). The ultimate objective of this gatekeeping function is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

The Eleventh Circuit Court of Appeals set forth a "rigorous three-part inquiry" that courts must engage in to perform their gatekeeping function. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Specifically, courts must consider whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address;[1] (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Id.* (citation omitted). The Eleventh Circuit refers to these as the "qualifications," "reliability," and "helpfulness" inquiries. *Id.*

When conducting its *Daubert* analysis, the court must focus "solely on the principles and methodology [that experts employ], not on the conclusions they generate." *Allison v. McGhan Medical Corp.*, 184 F. 3d 1300, 1312 (11th Cir. 1999). "[I]t is not the role of the district court to make the ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). Defendant, as the proponent of the expert testimony, must demonstrate by a preponderance of the evidence that the testimony is admissible. *Allison*, 184 F.3d at 1306. The decision whether to admit or exclude expert testimony is within the court's discretion, and the court enjoys "considerable leeway" when determining the admissibility of such testimony. *Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005).

---

[1] Plaintiff does not dispute that Dr. Levitan is qualified.

Plaintiff's first argument is that the Court should exclude Dr. Levitan's opinions because she purportedly ignored certain witness testimony and relied upon contested facts.[2] (ECF No. 20 at 3). This argument fails to recognize that Dr. Levitan largely relied upon *Plaintiff*'s version of the events in question, (ECF No. 20-1 at 3-4), and she offers no explanation why such reliance is improper. More importantly, an expert witness is entitled to rely upon disputed facts so long as those facts find support in the record. *See e.g., In re Delta/Airtran Baggage Fee Antitrust Litig.*, 245 F. Supp. 3d 1343, 1361 (N.D. Ga. 2017) ("[S]o long as the expert relies upon record evidence and identifies the facts on which he relies, it is for opposing counsel to inquire into the expert's factual basis [at trial].") (quotation marks and citation omitted). Dr. Levitan clearly identified the record evidence upon which she relied. (ECF No. 20-1 at 3-6). Whether Dr. Levitan omitted certain facts or relied upon incorrect facts in her analysis does not warrant exclusion of her testimony. "Any weaknesses in the factual underpinnings of [the expert's] opinion go to the weight and credibility of [her] testimony, not to its admissibility." *Sorrels v. NCL (Bahamas)*, 796 F.3d 1275, 1285 (11th Cir. 2015) (quoting *Hurst v. United States*, 882 F.2d 306, 311 (8th Cir. 1989).

Plaintiff's next argument, that Dr. Levitan's opinions should be excluded because she "never physically inspected or visited the store" and "[did] not perform any tests of her own", (ECF No. 20 at 3), is likewise without merit. "The fact that an expert did not

---

[2] Plaintiff also states that Dr. Levitan "improperly weighed evidence" and "decid[ed] important issues of fact," (ECF No. 20 at 3), but cites no support for this assertion, and the Court's careful review of Dr. Levitan's report and deposition testimony did not reveal any instances of such conduct. Plaintiff's argument is not persuasive.

personally inspect the scene of an incident or physically inspect all allegedly defective products is not by itself determinative [of reliability under *Daubert*]; physical inspections are not necessarily required." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-242777-CIV, 2017 WL 10775768, at *6 (S.D. Fla. June 12, 2017). Dr. Levitan testified that she attended the inspection remotely while on a FaceTime video call with her colleague who performed the inspection under her direction. (ECF Nos. 20-1 at 4, 20-2 at 17:16-22). Plaintiff does not explain why these circumstances warrant exclusion of Dr. Levitan's opinions, nor does she offer any legal support for her argument. (ECF No. 20 at 3). The fact that Dr. Levitan did not take the measurements, photographs and videos of the site herself is not itself grounds to exclude her opinions. *See e.g., Rahmings v. Essary*, No. 10-cv-716, 2012 WL 12910264, at *4 (M.D. Fla. Feb. 3, 2012) ("The fact that [expert] himself conducted no experiments and based his conclusion on photographs from the accident scene will no doubt affect the weight the jury gives to the testimony, but does not render his testimony inadmissible.").

Plaintiff also asserts that Dr. Levitan did not explain how she used the work of others to arrive at her opinions. (ECF No. 20 at 4). The Court disagrees. Dr. Levitan explained her methodology in detail and the sources she used to arrive at her opinions. (ECF Nos. 20-1 at 7-8, 20-2 at 60:1-66:3). Indeed, Dr. Levitan testified at length regarding the basis of her analysis and how she arrived at her conclusions. (ECF No. 20-2 at 60:1-66:3, 72:11-73:23). Plaintiff offers no reason why Dr. Levitan's thorough explanations are inadequate.

The only specific criticism that Plaintiff levels against Dr. Levitan is that "little is known about the movements made by Plaintiff immediately before the subject fall." (ECF

No. 20 at 4). However, Dr. Levitan addressed this issue at her deposition, and explained why she could render her opinions without knowing Plaintiff's exact movements right before the fall. (ECF No. 20-2 at 66:17-68:14). Plaintiff's assertion that Dr. Levitan failed to consider material facts goes to the weight, not admissibility of her testimony, and any supposed shortcomings may be addressed by her attorney during cross-examination at trial. As the Eleventh Circuit explained:

> It is true that relevant testimony from a qualified expert is admissible only if the expert knows of facts which enable him to express a reasonably accurate conclusion as opposed to conjecture or speculation. However, absolute certainty is not required. Expert testimony is admissible which connects conditions existing later to those existing earlier provided the connection is concluded logically. Whether this logical basis has been established is within the discretion of the trial judge and the weaknesses in the underpinnings of the expert's opinion go to its weight rather than its admissibility. On cross-examination, the opposing counsel is given the opportunity to ferret out the opinion's weaknesses to ensure the jury properly evaluates the testimony's weight and credibility.

*Jones v. Otis Elevator Co.*, 861 F.2d 655, 662-63 (11th Cir. 1988) (citations omitted).

Finally, Plaintiff contends that Dr. Levitan's testimony does not assist the jury in understanding the evidence or determining issues of fact. (ECF No. 20 at 5). "For testimony to satisfy the third [*Daubert*] requirement – assisting the trier of fact – the testimony must concern matters that are beyond the understanding of the average lay person." *Edwards v. Shanley*, 580 Fed. App'x 816, 823 (11th Cir. 2014) (citation omitted). The inquiry "goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.

7

Plaintiff does not contend that Dr. Levitan's opinions are within the understanding of an average lay person, or that her opinions concern an issue that is not relevant to this case. Instead, Plaintiff offers a paragraph of conclusory sentences devoid of any analysis which merely repeats the criticisms that Plaintiff made earlier in her Motion, which the Court addressed above. Again, the perceived weaknesses in Dr. Levitan's opinions which Plaintiff raises are appropriately addressed through cross-examination, not exclusion of her testimony. *Daubert*, 509 U.S. at 596 ("[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff's Motion to Strike the Testimony of Defendant's Expert Witness Angela Levitan, Ph.D. (ECF No. 20), is **DENIED**.

DONE AND ORDERED in chambers at Miami, Florida, this 17th day of October 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
 Counsel of Record